BERGERON v. DARTMOUTH SAVINGS BANK.

A married woman is under no legal disability to set up the defence of her disability to be a surety of her husband.

A writ of error does not lie on the ground of objections which should have been taken before judgment, and could have been carried from the trial term to the law term on a bill of exceptions without a writ of error.

WRIT OF ERROR, by Adeline Bergeron, wife of Frederick Bergeron, for the reversal of a judgment rendered against her and in favor of the defendant, at the September term, 1880, on a note signed in January, 1877, by her husband and herself, she being in fact his surety.   The assignment of errors is,—

1. The record in said action, *Dartmouth Savings Bank* v. *Frederick Bergeron and Adeline Bergeron*, does not show that the contract, the promissory note on which said action was founded, was a contract made by said Adeline Bergeron, a married woman, in relation to property held by her in her own right.

2. The record in said action does not show that said contract was one made by said Adeline Bergeron before her marriage, or that it was for a wrong by her done before her marriage.

3. The record in said action does not show that said contract, on which said action was founded, was a contract which said Adeline Bergeron, a married woman, was legally capable of making at the time.

4. The record in said action does not show that said contract was one that said Adeline Bergeron, a married woman, was under legal obligation to pay and perform.

5. The record in said action does not show but that said contract, or promissory note, was a contract made by said Adeline Bergeron, a married woman, as surety or guarantor for her husband, Frederick Bergeron ; nor does said record show but that said contract, or promissory note, was a contract or undertaking by her, said Adeline Bergeron, for her said husband, or one in his behalf.

6. As said record in said action does not show that said contract, or promissory note, was one which said Adeline Bergeron, a married woman, was by law capable of making and entering into, or that it was a contract which she, said Adeline Bergeron, was by law under legal obligation to perform, and that it was not a contract made and entered into as surety or guarantor for her said husband, and not a contract or undertaking by her, said Adeline Bergeron, for her husband, or one in his behalf, it was error to enter up judgment against her, said Adeline Bergeron, a married woman, who was at the time endowed with all the privileges and subject to all the legal incapacities of married women.

*Bingham, Mitchells & Batchellor*, for the plaintiff.

*W. S. Ladd*, for the defendants.

DOE, C. J. It is not now material whether, in the suit brought by the bank, the declaration should have alleged that Adeline Bergeron was a married woman, or that she did not sign the note as surety. *Van Buren* v. *Swan*, 4 Allen 380; *Blake* v. *Sawin*, 10 Allen 340. She was legally competent to resist that suit. She could sue and be sued in all matters in law and equity in the same manner as if she were unmarried. Laws 1876, c. 32; G. L., c. 183, s. 12. Her legal capacity to set up the defence of her disability to be a surety of her husband was not less than his capacity to set up the defence of want of consideration, or the statute of limitations. The objections she now makes to the judgment could and should have been made to the action before judgment. Such objections, when seasonably taken and overruled, can be brought to the law term on a bill of exceptions. They are not seasonably taken after judgment, and cannot be brought to the law term by writ of error. *Peebles* v. *Rand*, 43 N. H. 337; *Flanders* v. *Bank*, 43 N. H. 383. The plaintiff's attempt to make the contract of suretyship which she could not make, was not a waiver of her disability (*Savings Bank* v. *Sanborn*, 60 N. H. 558); but not being disabled to present the defence of disability, she waived it by not presenting it before judgment.

*Writ dismissed.*

All concurred.